This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Dwayne S. Fain has appealed from an order of the Summit County Court of Common Pleas that found him guilty of robbery. This Court affirms.
 I
{¶ 2} On October 8, 2001, after several days of smoking crack cocaine, Appellant and his friend Jodie Molter went to a local grocery store located in the Akron neighborhood of Ellet to steal some merchandise; they were going to sell or trade the items as a way to procure more drugs. Appellant went into the store, while Molter waited outside in the driver's seat of the car. Appellant was observed placing several bottles of liquor into a shopping cart, and concealing the items with a dog bed and a doormat. Appellant then exited the store, with the shopping cart and unpaid-for items in tow.
{¶ 3} The store security manager, James Carmany, watched Appellant push the cartload of items outside to the parking lot, and he followed. As Appellant was unloading the items into Molter's parked car, Carmany approached Appellant and identified himself as store security. Before Carmany could prevent Appellant and Molter from leaving the scene, Appellant jumped into Molter's car and shouted for her to "go." When the car moved forward, it struck Carmany on the legs and he was forced to jump onto the hood of the car. At some point, Molter jumped out of the car and fled. Appellant attempted to gain control of the car, as Molter did not put the car in park. As Appellant struggled to regain control of the car, Carmany removed himself from the hood of the car and climbed into the driver's seat. Carmany eventually stopped the car, and Appellant got out and fled through the parking lot. Before Appellant could get away, however, several members of the Akron Fire Department stopped Appellant and detained him until Carmany was able to handcuff him.
{¶ 4} On October 18, 2001, Appellant was indicted by the Summit County Grand Jury on one count of aggravated robbery, in violation of R.C. 2911.01(A)(3); one count of robbery, in violation of R.C.2911.02(A)(2); and one count of illegal use or possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1). He entered a plea of not guilty, and the trial court dismissed the charge of illegal use or possession of drug paraphernalia. The case proceeded to a jury trial on December 27, 2001. The jury acquitted Appellant of the charge of aggravated robbery, but found him guilty of robbery. Appellant was sentenced to five years imprisonment.
{¶ 5} Appellant has timely appealed his conviction, asserting three assignments of error.
 II Assignment of Error Number One {¶ 6} "THE CONVICTION OF THE APPELLANT FOR THE CHARGE OF ROBBERY IN THIS CASE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE REVERSED."
{¶ 7} In Appellant's first assignment of error, he has contended that his conviction was against the manifest weight of the evidence. We disagree
{¶ 8} In reviewing whether a conviction is against the manifest weight of the evidence, this Court must:
 {¶ 9} "[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten
(1986), 33 Ohio App.3d 339, 340.
{¶ 10} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue more than it supports the other. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. at 388.
{¶ 11} Appellant was convicted of robbery, a violation of R.C.2911.02(A). That statute provides:
 {¶ 12} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 13} "(1) Have a deadly weapon on or about the offender's person or under the offender's control;
 {¶ 14} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
 {¶ 15} "(3) Use or threaten the immediate use of force against another."
{¶ 16} Appellant has admitted that he was attempting to flee the scene of a crime after Carmany saw him attempting to steal several bottles of liquor. However, Appellant has argued that the state failed to prove the essential elements of a charge of robbery. That is, Appellant has claimed that he did not have a deadly weapon on his person or in his control; that he did not inflict or attempt to inflict physical harm on the security guard; and that he did not use physical force.
{¶ 17} We do not need to address whether the evidence adduced at trial supported a finding that Appellant used a deadly weapon or used or threatened to use immediate use of force. Appellant was convicted of violating R.C. 2911.02(A)(2). He was not convicted of violating R.C.2911.02(A)(1) or (A)(3). Therefore, the issue before this Court is whether the evidence presented to the trial court proved that Appellant inflicted, attempted to inflict, or threatened to inflict physical harm on another.
{¶ 18} At trial, Carmany testified that as he approached Appellant, he caught Appellant's attention and both men continued to stare at each other, even as Appellant hurriedly climbed into the passenger seat of the car to get away. He further testified that while staring at Appellant, and still standing directly in front of the car, he heard Appellant yell "go, go, go." The car moved forward, striking Carmany's legs and forcing him to jump onto the hood of the car to avoid further injury. Carmany also stated that he experienced bruising on his legs after the incident.
{¶ 19} Molter corroborated a portion of Carmany's testimony. She also testified that Appellant shouted "go, go, go," when he jumped into the car and that she could see Carmany standing immediately in front of the car before it started to move. She claimed that she did not want to hit Carmany, so she kept her foot on the brake. Molter testified that despite her desire to prevent the car from moving forward, Appellant was able to control the car by pressing his foot on the gas pedal. She claimed that although Carmany was standing immediately in front of the car as it started to move, the car never struck Carmany. She testified that Carmany simply jumped onto the hood of her car when she attempted to put the car in reverse. Even as Carmany clung to the hood of the car, Molter stated Appellant told her to "keep going."
{¶ 20} Although there is an apparent conflict between the testimony of Carmany and Molter, the task of resolving that conflict rests with the jury. State v. Lowe (Jan. 11, 1984), 9th Dist. No. 11253, at 4-5. "Credibility is a question of fact to be determined by the jury and a reviewing court should not substitute its judgment for that of the jury." State v. Walker (1978), 55 Ohio St.2d 208, 212, certiorari denied (1979), 441 U.S. 924, 99 S.Ct. 2033, 60 L.Ed.2d 397. The jury is in the best position to view the witnesses' testimony and adjudge their credibility. Further, this Court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless we conclude that the factfinder clearly lost its way. In re Lieberman
(1955), 163 Ohio St. 35, 38. After reviewing the testimony presented at trial, however, this Court cannot conclude that the jury clearly lost its way and created a manifest miscarriage of justice when it convicted Appellant of robbery. Therefore, Appellant's first assignment of error is not well taken.
 Assignment of Error Number Two {¶ 21} "THE TRIAL COURT INCORRECTLY DENIED APPELLANT'S MOTION FOR ACQUITTAL IN VIOLATION OF [CRIM.R. 29]; SPECIFICALLY, THERE WAS NOT SUFFICIENT EVIDENCE TO PROVE THE OFFENSE OF ROBBERY BEYOND A REASONABLE DOUBT AND SUBMIT IT TO THE JURY."
 Assignment of Error Number Three {¶ 22} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND IN VIOLATION OF [CRIM.R. 29(A)], ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, WHEN IT DENIED APPELLANT'S MOTION FOR ACQUITTAL."
{¶ 23} In Appellant's second and third assignments of error, he has contended that the trial court erred when it denied his Crim.R. 29 motion for acquittal because there was insufficient evidence to prove the offense of robbery beyond a reasonable doubt.
{¶ 24} This Court has previously held that a "defendant who is tried before a jury and brings a Crim.R 29(A) motion for acquittal at the close of the state's case waives any error in the denial of the motion if the defendant puts on a defense and fails to renew the motion for acquittal at the close of all the evidence." State v. Jaynes, 9th Dist. No. 20937, 2002-Ohio-4527, at ¶ 7, quoting State v. Miley (1996),114 Ohio App.3d 738, 742.
{¶ 25} At the close of the state's evidence, Appellant made a Crim.R. 29 motion and the trial court denied the motion, stating that there was sufficient evidence to submit the case to the jury. However, Appellant did not renew the motion at the close of all the evidence. After Appellant's witness Officer William Meier left the stand, the trial court asked defense counsel if there were any further witnesses and defense counsel replied: "No, your Honor. At this time the defense would rest pending admission of our single exhibit." The state and defense counsel then gave their closing arguments; this was followed by the trial court's jury instructions. At no time did Appellant renew his Crim.R. 29 motion. Therefore, we conclude that Appellant waived any objection under Crim.R. 29 to the sufficiency of the evidence and we need not consider Appellant's second and third assignments of error.
 III
{¶ 26} Based on the foregoing analysis, Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
CARR, P.J., BATCHELDER, J. CONCUR.